UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO.

WILSON A. NOLASCO,
and other similarly-situated individuals,

v.

COMPLETE HIGHWAY IDENTITY, INC.
and MIRNESA HASANOVIC, individually

     Defendants,
_____/

# **COMPLAINT**
(OPT-IN PURSUANT TO 29 U.S.C § 216(b))

COMES NOW the Plaintiff WILSON A. NOLASCO, and other similarly-situated individuals, by and through the undersigned counsel, and hereby sues Defendants COMPLETE HIGHWAY IDENTITY, INC. and MIRNESA HASANOVIC, individually, and alleges:

1. This is an action to recover money damages for unpaid overtime wages and retaliation under the laws of the United States. This Court has jurisdiction pursuant to Jurisdiction is conferred on this Court by Title 28 U.S.C. § 1337, by Title 29 U.S.C. § 201-219, the Fair Labor Standards Act, "the Act" (Section 216 (b) for jurisdictional placement).

2. Plaintiff WILSON A. NOLASCO is a resident of Miami-Dade County; and she is within the jurisdiction of this Honorable Court. Plaintiff is a covered employee for purposes of the Act.

3. Defendant COMPLETE HIGHWAY IDENTITY, INC. (hereinafter COMPLETE HIGHWAY IDENTITY, or corporate Defendant) is a Florida for profit corporation,

registered to do business in Florida. Defendant has its place of business in Dade County, within the jurisdiction of this Court. At all times material hereto, Defendant was and is engaged in interstate commerce.

4. The individual Defendant MIRNESA HASANOVIC was and is now the owner/president and manager of COMPLETE HIGHWAY IDENTITY. This individual was the employer of Plaintiff and others similarly situated within the meaning of Section 3(d) of the "Fair Labor Standards Act" [29 U.S.C. § 203(d)],

5. All the action raised in this complaint took place in Dade County Florida, within the jurisdiction of this Court.

## ALLEGATIONS COMMON TO ALL COUNTS

6. This cause of action is brought by Plaintiff WILSON A. NOLASCO as a collective action to recover from Defendants overtime compensation, liquidated damages, and the costs and reasonably attorney's fees under the provisions of Fair Labor Standards Act, as amended, 29 U.S.C. § 201 *et seq* (the "FLA or the "ACT") on behalf of Plaintiff and all other current and former employees similarly situated to Plaintiff ("the asserted class") and who worked in excess of forty (40) hours during one or more weeks on or after July, 2016 (the "material time") without being compensated.

7. Corporate Defendant COMPLETE HIGHWAY is a provider of highway, roadway, traffic control, and street guide signs.

8. Defendant COMPLETE HIGHWAY IDENTITY employed Plaintiff WILSON A. NOLASCO as a full time, non-exempt hourly employee from approximately July 25, 2016, to March 16, 2017, or approximately 33 weeks.

9. Plaintiff performed as signing technician and installer. Plaintiff regular wage rate was $12,00 and $13.00 an hour.

10. While employed by Defendants, Plaintiff worked consistently more than 40 hours or more every week period and he was paid for overtime hours at the correct rate.

11. Plaintiff had a regular schedule 6 days per week from 7:00 AM to 5:20 PM, and he clocked in and out. However, Plaintiff was required to begin his work at 6:20 AM, and then he had to wait until 7:00 AM to clock-in according to schedule

12. This practice resulted in 4 hours that Plaintiff worked off-the clock, and that were not properly compensated at any rate. In addition, Plaintiff was not allowed to take the lunch break of one hour at least 3 days, every week, but Defendant deducted this 3 hours from Plaintiff's wages every week. The 4 off-the clock hours, worked before 7:00 AM (0.40 minutes every day x 6 days) plus the 3 lunch hours, represented 7 overtime hours that were not paid to Plaintiff.

13. Furthermore, during his time of employment, Plaintiff worked at least 4 Sundays a minimum of 8 hours, for a total of 32 hours that were not paid at any rate.

14. Therefore, during his employment with Defendant COMPLETE HIGHWAY IDENTITY, failed to pay Plaintiff WILSON A. NOLASCO, for all his overtime hours at the rate of time and a half his regular rate, according to FLSA regulations.

15. Plaintiff WILSON A. NOLASCO seeks to recover unpaid overtime hours, liquidated damages and any other relief as allowable by law.

16. The additional persons who may become Plaintiffs in this action are weekly-paid employees and/or former employees of Defendants who are and were subject to the unlawful payroll practices and procedures of Defendants and were not paid regular and

overtime hours at the rate of time and one half their regular rate of pay for every hour worked in excess of forty.

**COUNT I:**
**WAGE AND HOUR FEDERAL STATUTORY VIOLATION of 29 U.S.C. § 207 (a) (1) FAILURE TO PAY OVERTIME; AGAINST ALL DEFENDANTS**

17. Plaintiff WILSON A. NOLASCO re-adopts each and every factual allegation as stated in paragraphs 1-16 above as if set out in full herein.

18. This action is brought by Plaintiff and those similarly-situated to recover from the Employers COMPLETE HIGHWAY IDENTITY unpaid overtime compensation, as well as an additional amount as liquidated damages, costs, and reasonable attorney's fees under the provisions of 29 U.S.C. § 201 et seq., and specifically under the provisions of 29 U.S.C. § 207. 29 U.S.C. § 207 (a)(1) states, " No employer shall employ any of his employees for a work week longer than 40 hours unless such employee receives compensation for his employment in excess of the hours above-specified at a rate not less than one and a half times the regular rate at which he is employed."

19. At all times pertinent to this Complaint, Defendant was engaged in interstate commerce as defined in §§ 3 (r) and 3(s) of the Act, 29 U.S.C. § 203(r) and 203(s). Defendant COMPLETE HIGHWAY IDENTITY is a provider of signage for highways, roadside, and streets. Defendant work for State and Federal agencies. At all times, the Employer/Defendant operates as an organization which sells and/or markets its services to customers from throughout the United States. At all times Defendant had more than two employees regularly engaged in interstate commerce The Employer/Defendant obtains and solicits funds from non-Florida sources, accepts funds from non-Florida

sources, uses the instrumentalities and channels of interstate commerce. Upon information and belief, the annual gross revenue of the Employer/Defendant was at all times material hereto in excess of $500,000 per annum. Defendant's business activities involve those to which the Fair Labor Standards Act applies. Therefore, there is FLSA enterprise coverage.

20. Plaintiff was employed by an enterprise engaged in interstate commerce, and the Plaintiff's work likewise affected interstate commerce Plaintiff was installer technician of signage for highways, roadsides, and streets, as such he was participating and he in interstate commerce.

21. Defendant COMPLETE HIGHWAY IDENTITY employed Plaintiff WILSON A. NOLASCO as a full time, non-exempt hourly employee from approximately July 25, 2016, to March 16, 2017, or approximately 33 weeks.

22. Plaintiff performed as signing technician and installer. Plaintiff regular wage rate was $12,00 and $13.00 an hour.

23. While employed by Defendants, Plaintiff worked consistently more than 40 hours or more every week period and he was paid for overtime hours at the correct rate.

24. Plaintiff had a regular schedule 6 days per week from 7:00 AM to 5:20 PM, and he clocked in and out. However, Plaintiff was required to begin his work at 6:20 AM, and then he had to wait until 7:00 AM to clock-in according to schedule

25. This practice resulted in 4 hours that Plaintiff worked off-the clock, and that were not properly compensated at any rate. In addition, Plaintiff was not allowed to take the lunch break of one hour at least 3 days, every week, but Defendant deducted this 3 hours from Plaintiff's wages every week. The 4 off-the clock hours, worked before

7:00 AM (0.40 minutes every day x 6 days) plus the 3 lunch hours, represented 7 overtime hours that were not paid to Plaintiff.

26. Furthermore, during his time of employment, Plaintiff worked at least 4 Sundays a minimum of 8 hours, for a total of 32 hours that were not paid at any rate.

27. Therefore, during his employment with Defendant COMPLETE HIGHWAY IDENTITY, Plaintiff WILSON A. NOLASCO, worked a substantial amount of overtime hours that were not properly compensated.

28. Defendants failed to pay Plaintiff at the rate of time and one half his regular rate for every hour in excess of 40 that she worked in a week period. Plaintiff performed the same or similar duties as that of those other similarly-situated employees, who Plaintiffs observed worked in excess of 40 hours per week, but that were not paid overtime at the proper rate.

29. The records, if any, concerning the number of hours actually worked by Plaintiff WILSON A. NOLASCO, and all other similarly-situated employees, and the compensation actually paid to such employees should be in the possession and custody of Defendants. However, upon information and belief, Defendants did not maintain accurate and complete time records of hours worked by Plaintiff and other employees in the asserted class. Defendants violated the record keeping requirements of FLSA, 29 CFR Part 516.

30. Prior to the completion of discovery and to the best of Plaintiff's knowledge, at the time of the filing of this complaint, Plaintiff's good faith estimate of unpaid overtime wages are as follows:

*Please note that these amounts are based on a preliminary calculation and that these figures could be subject to modification as discovery could dictate.

   a. <u>Total amount of alleged unpaid overtime wages</u>:

   Four Thousand Eight Hundred Eighty-Seven Dollars and 00/100 ($4,887.00)

   b. <u>Calculation of such wages</u>:

   Total period of employment: 33 weeks
   Total relevant period of employment: 33 weeks

     **i. Overtime for 2016 paid @ $12.00 reg. rate for 23 weeks**
   Total number of weeks: 23 week
   Regular rate: $12.00 x 1.5= $18.00 O/T rate
   Unpaid overtime hours: 7 weekly (4 off-the clock + 3 lunch hour)

   O/T rate $18.00 x 7 O/T hours=$126 weekly x 23 weeks=$2,898.00

     **ii. Overtime for 2017 paid @ $13.00 reg. rate for 10 weeks**
   Total number of weeks: 10 weeks
   Regular rate: $13.00 x 1.5= $19.50
   Total unpaid overtime hours: 7 hours (4 off-the clock + 3 lunch hour)

   O/T rate $19.50 x 7 O/T hours=$136.50 weekly x 10 weeks=$1,365.00

     **iii. Overtime for 32 hours worked in 4 Sundays**
   Total number of Sundays: 4 Sundays
   Total unpaid overtime hours worked: 32 hours weekly
   Regular rate: $13.00 x 1.5= $19.50 O/T rate

   O/T rate $19.50 x 32 O/T overtime hours=$624.00

   Total i, ii, and iii: $4,887.00

   c. <u>Nature of wages (e.g. overtime or straight time)</u>:

   This amount represents the unpaid overtime hours.

31. At all times material hereto, the Employer/Defendant COMPLETE HIGHWAY IDENTITY failed to comply with Title 29 U.S.C. §§ 201-219 and 29 C.F.R. § 516.2 and § 516.4 et seq. in that, Plaintiff and those similarly-situated performed services and worked in excess of the maximum hours provided by the Act but no provision was

made by the Defendants to properly pay Plaintiff at the rate of time and one half for all hours worked in excess of forty hours (40) per workweek as provided in said Act.

32. Defendant COMPLETE HIGHWAY IDENTITY knew and/or showed reckless disregard of the provisions of the Act concerning the payment of overtime wages as required by the Fair Labor Standards Act, and Plaintiff and those similarly-situated are entitled to recover double damages.

33. At the times mentioned, individual Defendant MIRNESA HASANOVIC was the owner/manager of COMPLETE HIGHWAY IDENTITY. Defendant MIRNESA HASANOVIC was the employer of Plaintiff and others similarly situated within the meaning of Section 3(d) of the "Fair Labor Standards Act" [29 U.S.C. § 203(d)], in that, this individual Defendant acted directly in the interests of COMPLETE HIGHWAY IDENTITY in relation to their employees, including Plaintiff and others similarly situated. Defendant MIRNESA HASANOVIC had operational control of the department determined terms and working conditions of Plaintiff and other similarly situated employees, and she is jointly liable for Plaintiff's damages.

34. Defendants COMPLETE HIGHWAY IDENTITY and MIRNESA HASANOVIC willfully and intentionally refused to pay Plaintiff overtime wages as required by the law of the United States and remains owing Plaintiff these overtime wages since the commencement of Plaintiff's employment with Defendants, as set forth above.

35. Plaintiff has retained the law offices of the undersigned attorney to represent him in this action and is obligated to pay a reasonable attorneys' fee.

PRAYER FOR RELIEF

WHEREFORE, Plaintiff WILSON A. NOLASCO and those similarly-situated individuals

respectfully request that this Honorable Court:

A. Enter judgment for Plaintiff WILSON A. NOLASCO and other similarly-situated and against the Defendants COMPLETE HIGHWAY IDENTITY and MIRNESA HASANOVIC on the basis of Defendants' willful violations of the Fair Labor Standards Act, 29 U.S.C. § 201 et seq.; and

B. Award Plaintiff actual damages in the amount shown to be due for unpaid compensation for hours worked in excess of forty weekly, with interest; and

C. Award Plaintiff an equal amount in double damages/liquidated damages; and

D. Award Plaintiff reasonable attorneys' fees and costs of suit; and

E. Grant such other and further relief as this Court deems equitable and just and/or available pursuant to Federal Law.

## JURY DEMAND

Plaintiff WILSON A. NOLASCO and those similarly-situated demand trial by jury of all issues triable as of right by jury.

Dated: May 17, 2017

>Respectfully submitted,
>
>By: **/s/ Zandro E. Palma**
>ZANDRO E. PALMA, P.A.
>Florida Bar No.: 0024031
>9100 S. Dadeland Blvd.
>Suite 1500
>Miami, FL 33156
>Telephone: (305) 446-1500
>Facsimile: (305) 446-1502
>zep@thepalmalawgroup.com
>*Attorney for Plaintiff*